UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Amanda Moore, | ) | Civil Action No.: 4:17-cv-01309-RBH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| United States of America, | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). *See* R & R [ECF No. 21]. The Magistrate Judge recommends that the Court grant Defendant's motion to dismiss and dismiss this action for lack of subject matter jurisdiction. R & R at pp. 2, 7.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the R & R, and the time for doing so has expired.[1] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

---

[1] Defendant's objections were due by November 3, 2017, and Plaintiff's objections were due by November 6, 2017. *See* ECF Nos. 21 & 22.

The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)). Failure to file timely objections constitutes a waiver of de novo review and a party's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts and incorporates by reference the R & R [ECF No. 21] of the Magistrate Judge. Accordingly, the Court **GRANTS** Defendant's motion to dismiss [ECF No. 15] and **DISMISSES** this action *without prejudice* for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Florence, South Carolina  
November 8, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge